UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL DUBY,

        Plaintiff

v                                 Case No.: 2:12-cv-12775-PDB-DRG
                                 Hon. Paul D. Borman

SHERMETA, ADAMS, & VON ALLMEN, P.C.
And PALISADES ACQUISITION XVI, LLC,

        Defendants.

_____/

| Celia Banks Washington (P54338) | Tricia N. McKinnon (P60448) |
|---|---|
| Luxenburg & Levin, LLC | Shermeta, Adams & Von Allmen, P.C. |
| Attorneys for Plaintiff | Attorney for Defendants |
| P.O. Box 252681 | P.O. Box 5016 |
| West Bloomfield, MI  48322 | Rochester, MI 48308 |
| (888) 493-0770, ext. 309 | (248) 519-1700 |
| Fax (866) 551-7791 | Fax (248) 519-1701 |
| Celia@LuxenburgLevin.com | tmckinnon@shermeta.com |

_____/

DEFENDANTS' MOTION TO DISMISS AND/OR
MOTION FOR SUMMARY JUDGMENT

BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR
MOTION FOR SUMMARY JUDGMENT

ORAL ARGUMENT NOT REQUESTED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL DUBY,

       Plaintiff

v                                  Case No.: 2:12-cv-12775-PDB-DRG
                                  Hon. Paul D. Borman

SHERMETA, ADAMS, & VON ALLMEN, P.C.
And PALISADES ACQUISITION XVI, LLC,

       Defendants.

_____/

Celia Banks Washington (P54338)     Tricia N. McKinnon (P60448)
Luxenburg & Levin, LLC            Shermeta, Adams & Von Allmen, P.C.
Attorneys for Plaintiff             Attorney for Defendants
P.O. Box 252681                  P.O. Box 5016
West Bloomfield, MI  48322      Rochester, MI 48308
(888) 493-0770, ext. 309        (248) 519-1700
Fax (866) 551-7791              Fax (248) 519-1701
Celia@LuxenburgLevin.com      tmckinnon@shermeta.com

_____/


DEFENDANTS' MOTION TO DISMISS AND/OR
MOTION FOR SUMMARY JUDGMENT


Now come the Defendants, Shermeta, Adams & Von Allmen, P.C. and

Palisades Acquisition XVI, LLC, through their attorneys, Tricia N. McKinnon and

Shermeta, Adams & Von Allmen, P.C., and move for dismissal and/or summary

judgment in the above-entitled matter pursuant to Fed.R.Civ.P. 12(B)(6) and/or

Fed.R.Civ.P. 56 for the reasons fully set forth in the accompanying brief.

Defendants further state that their attorney, Tricia N. McKinnon, left a voicemail message for Plaintiff's attorney on July 25, 2012 seeking concurrence with the relief requested in this Motion. At the time this Motion was filed, Defendants' attorney has not received concurrence in the relief requested.

1.     Plaintiff has sued Shermeta, Adams & Von Allmen, P.C. ("SAV") and Palisades Acquisition XVI, LLC ("Defendants") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the Michigan Occupational Code ("MOC").

2.     Plaintiff contends that Defendants violated 15 U.S.C. § 1692 et seq. of the FDCPA by failing to cease collection of the debt after receiving notice of Plaintiff's request to cease and desist contact, by failing to send Plaintiff notice of the alleged debt, and by acting in an otherwise deceptive, unfair and unconscionable matter.

3.     Plaintiff also contends that Defendants violated MCL § 339.918 by failing to provide notice to Plaintiff within five days of Defendant's initial communication with Plaintiff and by acting in an otherwise deceptive, unfair and unconscionable manner.

4.     There is no genuine issue of material fact that Defendant Shermeta, Adams & Von Allmen, P.C. sent Plaintiff an initial demand letter on March 6, 2012.

5.     This letter was the initial communication with Plaintiff. Accordingly, Defendants did not violate 15 U.S.C. § 1692g.

6.     There is no genuine issue of material fact that Defendant Shermeta, Adams & Von Allmen, P.C. sent Plaintiff a letter validating the debt, pursuant to Plaintiff's request.

7.     Accordingly, Defendants did not violate 15 U.S.C. § 1692c(c) because Defendants' letter was in response to Plaintiff's dispute and / or request for validation.

8.     There is also no genuine issue of material fact that Defendants did not engage in any activity that was deceptive, unfair and unconscionable.

9.     In fact, the letter sent by Defendant Shermeta, Adams & Von Allmen, P.C. was sent to Plaintiff as a result of his dispute of the underlying debt.

10.     Furthermore, the FDCPA requires Defendant Shermeta, Adams & Von Allmen, P.C. to validate the debt upon receipt of a written dispute.

11.     Because Defendant Shermeta, Adams & Von Allmen, P.C. sent a letter as required by the FDCPA, there can be no violation of the statute.

12.     Furthermore, Plaintiff has not stated any allegations against Defendant Palisades Acquisition XVI, LLC that would constitute a violation of the FDCPA.

13.     For these reasons, Defendants did not violate 15 U.S.C. § 1692, et. seq.

14.     Accordingly, Defendants are entitled to judgment as a matter of law because there is no genuine issue of material fact that Defendants did not violate the FDCPA.

4

15.    In addition, Plaintiff claims that Defendants violated the Michigan Occupational Code.

16.    Defendants are entitled to a dismissal with prejudice as to these allegations.

17.    The MOC defines a "collection agency" as a person collecting a claim due or asserted to be owed to another.  MCL § 339.901(b).

18.    Defendant Palisades Acquisition XVI, LLC is attempting to collect its own debt.  Accordingly, it is excluded from any requirements under the MOC.

19.    For this reason, the MOC claim as to Defendant Palisades Acquisition XVI, LLC should be dismissed with prejudice.

20.    In addition, the MOC specifically states that certain persons are excluded from the definition of a "collection agency."

21.    One of those exclusions is "an attorney handling claims and collections on behalf of clients and in the attorney's own name."  MCL § 339.901(b)(xi).

22.    Here, Defendant Shermeta, Adams & Von Allmen, P.C. is not a collection agency, but is instead the attorney for Defendant Palisades Acquisition XVI, LLC.

23.    Accordingly, Plaintiff's claim should be dismissed with prejudice as a matter of law.

24.    Furthermore, even if the Court were to find that the MOC applies to either Defendant, Defendants would still be entitled to summary judgment for the same reasons as stated regarding Plaintiff's FDCPA claims.

For these reasons, and as set forth more fully in the accompanying Brief, Defendants respectfully request that the Court grant their Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and/or their Motion for  Summary Judgment pursuant to Fed. R. Civ. P. 56.

SHERMETA, ADAMS & VON ALLMEN, P.C.

Dated: July 25, 2012
/s/Tricia N. McKinnon
Tricia N. McKinnon (P60448)
Attorney for Defendant
P.O. Box 5016
Rochester Hills, MI 48308
(248) 519-1700
tmckinnon@shermeta.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL DUBY,

      Plaintiff

v                               Case No.: 2:12-cv-12775-PDB-DRG
                                 Hon. Paul D. Borman

SHERMETA, ADAMS, & VON ALLMEN, P.C.
And PALISADES ACQUISITION XVI, LLC,

      Defendants.

_____/

Celia Banks Washington (P54338)
Luxenburg & Levin, LLC
Attorneys for Plaintiff
P.O. Box 252681
West Bloomfield, MI  48322
(888) 493-0770, ext. 309
Fax (866) 551-7791
Celia@LuxenburgLevin.com

Tricia N. McKinnon (P60448)
Shermeta, Adams & Von Allmen, P.C.
Attorney for Defendants
P.O. Box 5016
Rochester, MI 48308
(248) 519-1700
Fax (248) 519-1701
tmckinnon@shermeta.com

_____/

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT

### [ORAL ARGUMENT NOT REQUESTED]

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................1

TABLE OF AUTHORITIES ..........................................................2

QUESTIONS PRESENTED ............................................................4

I.    INTRODUCTION..................................................................5

II.   FACTS..............................................................................6

III.  STANDARD OF REVIEW .......................................................7

IV.   ARGUMENT.......................................................................9

    A.   Defendants did not violate the FDCPA. ...............................9

          1.  Violation of Cease and Desist Request………………………….10
          2.  Failing to Provide Notice within Five Days……………………14
          3.  Acting in Deceptive, Unfair and Unconscionable Manner………16

    B.   Defendants did not violate the MOC………………………………19

          1.  Defendants are not Subject to the MOC………………………19
          2.  Even if MOC Applied, Defendants did not Violate the Act…………20

V.    CONCLUSION .....................................................................23

## TABLE OF AUTHORITIES

CASES .................................................................................................Page

Advocacy Organization for Patients and Providers v. Auto Club Ins. Ass'n.,
176 F.3d 315, 319 (6th Cir. 1999)...............................................................8

Baumgartner v. Wells Fargo, et. al., 2012 U.S. Dist. LEXIS 83254
(US Dist., EDMI 2012)..........................................................................21, 22

Bower v. Federal Express Corp., 96 F.3d 200, 203 (6th Cir. 1996)....................7, 8

Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993)

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552,
91 L. Ed. 2d 265 (1986).............................................................................9

Conley v. Gibson, 355 U.S. 41, 45-46 (1957).................................................7

Daniel v. West Asset Management, Inc., 2011 U.S. Dist. LEXIS 124788
(US Dist., EDMI, 2011).............................................................................15

Gagliardi v. Village of Pawling, 18 F.3d 188, 191 (2d Cir. 1994)........................7

Grden v. Leikin Ingber & Winters, PC, 643 F.3d. 169 (6th Circ. 2011).................13

John D. Ashcroft v. Javaid Iqbal, et. al., 129 S. Ct. 1937 (2009).....................17, 18

Lewis v. ACB Business Services, Inc., 135 F.3d 389 (6th Cir.), 1998.....................12

Matsushita Elec. Ind. Co., Ltd. v. Zenith Radio Corp, 475 U.S. 574, 586,
106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)..................................................9

Meyer and Meyer v. Citimortgage et al., 2012 U.S. Dist. LEXIS 19548
(US Dist., EDMI 2012).............................................................................18

Michigan Paytel Joint Venture v. City of Detroit, 287 F. 3d 527, 534
(6th Cir. 2002)........................................................................................9

Ruthenberg v. The Bureaus, Inc., 2008 U.S. Dist. LEXIS 65633
(US Dist., EDMI 2008)..........................................................................16, 17

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 435, 436
(6th Cir. 1988)........................................................................................8

<u>RULES</u>

Fed. R. Civ. P. 12(b)(6) ...................................................................5, 7, 18, 20, 22, 23

Fed. R. Civ. P. 56.............................................................................5, 7, 8, 19, 22, 23

## QUESTIONS PRESENTED

1.    SHOULD COUNT 1 OF PLAINTIFF'S ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE DEFENDANTS DID NOT VIOLATE 15 U.S.C. § 1692 ET SEQ.?

Defendants say "Yes."

Plaintiff says "No."

2.    ARE DEFENDANTS ENTITLED TO SUMMARY JUDGMENT AS TO COUNT 1 OF PLAINTIFF'S ACTION BECAUSE THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT DEFENDANTS DID NOT VIOLATE 15 U.S.C. § 1692 ET SEQ.?

Defendants say "Yes."

Plaintiff says "No."

3.    SHOULD COUNT 2 OF PLAINTIFF'S ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE DEFENDANTS ARE NOT SUBJECT TO MCL § 339.901 ET SEQ.?

Defendants say "Yes."

Plaintiff says "No."

4.    ARE DEFENDANTS ENTITLED TO SUMMARY JUDGMENT AS TO COUNT 2 OF PLAINTIFF'S ACTION BECAUSE THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT DEFENDANTS ARE NOT SUBJECT TO MCL § 339.901 ET SEQ.?

Defendants say "Yes."

Plaintiff says "No."

5.    IF DEFENDANTS ARE SUBJECT TO MCL § 339.901 ET SEQ., ARE DEFENDANTS ENTITLED TO SUMMARY JUDGMENT AS TO COUNT 2 OF PLAINTIFF'S ACTION BECAUSE THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT DEFENDANTS DID NOT VIOLATE SAID STATUTE?

Defendants say "Yes."

Plaintiff says "No."

## I.    INTRODUCTION

Plaintiff's first claim alleges that the Defendants violated the Fair Debt Collection Practices Act ("FDCPA") by continuing to communicate with Plaintiff after being notified that Plaintiff wished for Defendants to cease further communication, by failing to provide notice to Plaintiff within five days after Defendants' initial communication with Plaintiff, and by acting in an otherwise deceptive, unfair, and unconscionable manner.  Plaintiff's second claim alleges that Defendants violated the Michigan Occupational Code ("MOC") by failing to provide notice to Plaintiff within five days after Defendants' initial communication with Plaintiff and by acting in an otherwise deceptive, unfair, and unconscionable manner.

Plaintiff's claims fail for the following reasons: (1) Defendants sent Plaintiff an initial demand letter on March 6, 2012, which was the first communication with Plaintiff; (2) Plaintiff disputed the debt with Defendant Shermeta, Adams & Von Allmen, P.C. on March 13, 2012; (3) Defendants responded to the dispute by validating the debt on March 23, 2012; (4) Defendants were required to validate the debt to Plaintiff pursuant to the FDCPA; (5) Defendants ceased contact with the Plaintiff, other than the required validation letter and court proceedings in the underlying case; (6) Defendants are not subject to the MOC; (7) even if Defendants were subject to the MOC, sending the validation letter as required by the FDCPA is not a violation.  For these reasons, explained in more detail below, Defendants are entitled to a dismissal pursuant to Fed.R.Civ.P. 12(b)(6) and/or summary judgment pursuant to Fed.R.Civ.P. 56.

## II.    FACTS

1.    Defendant Shermeta, Adams & Von Allmen, P.C. was retained by Defendant Palisades Acquisition XVI, LLC to pursue collection of a judgment in favor of Defendant Palisades Acquisition XVI, LLC and against Plaintiff.

2.    On March 6, 2012, Defendant Shermeta, Adams & Von Allmen, P.C. sent Plaintiff an initial demand letter as required by the FDCPA 15 U.S.C. § 1692(g).  A copy of the letter is attached hereto as Exhibit 1.

3.    On March 13, 2012, Plaintiff sent Defendant Shermeta, Adams & Von Allmen, P.C. a letter demanding that Defendant cease contact with him and indicating that he does not owe the debt.  A copy of Plaintiff's letter is attached hereto as Exhibit 2.

4.    Pursuant to the FDCPA, if a consumer disputes the debt or any portion thereof, then the debt collector shall cease collection until verification of the debt is mailed to the consumer.  See 15 U.S.C. § 1692(g).

5.    Accordingly, on March 23, 2012, Defendant Shermeta, Adams & Von Allmen, P.C. sent Plaintiff a letter validating the debt, along with a copy of the underlying judgment and Order to Amend Case Caption.  Attached hereto are copies of the letter and attachments marked as Exhibit 3.

6.    Other than collecting on the judgment through garnishments, Defendant Shermeta, Adams & Von Allmen, P.C. has had no additional contact with Plaintiff since the March 23, 2012 letter.

7. In addition, other than through its attorneys Shermeta, Adams & Von Allmen, P.C., Defendant Palisades Acquisition XVI, LLC has had no contact whatsoever with the Plaintiff.

8. On June 26, 2012, Plaintiff filed this lawsuit alleging violations of the FDCPA and MOC.

9. Defendants deny the allegations stated in the Complaint.

10. Plaintiff has failed to state a claim upon which relief can be granted.

11. In the alternative, there is no genuine issue of material fact and Defendants are entitled to dismissal with prejudice of all claims as a matter of law.

For the below reasons, Defendants are entitled either to a dismissal with prejudice for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) or to summary judgment pursuant to Fed. R. Civ. P. 56 because there is no genuine issue of material fact that it did not violate the FDCPA or MOC.

III. STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the Court is required "to construe any well-pleaded factual allegations in the complaint in favor of the plaintiff and dismiss the complaint only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Gagliardi v. Village of Pawling*, 18 F.3d 188, 191 (2d Cir. 1994) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).

The Court's function is not to weigh the evidence that might be presented at trial, but merely to determine if the complaint is legally sufficient. *Advocacy Organization for Patients and Providers v. Auto Club Ins. Ass'n.,* 176 F.3d 315, 319 (6th Cir. 1999).

> "[C]onsideration is limited to the factual allegations in plaintiff's. . . complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit." *Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir. 1993).

In addition, to survive a motion to dismiss, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 435, 436 (6th Cir. 1988). In order for a dismissal to be proper, it must appear beyond doubt that the plaintiff would not be able to recover under any set of facts that could be presented consistent with the allegations of the complaint. *Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996) (citations omitted).

A moving party is entitled to summary judgment when a review of the pleadings, depositions, and other discovery responses and affidavits show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In an effort to weed out frivolous lawsuits and wasteful trials, the U. S. Supreme Court has held:

In our view of the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which the party will bear the burden of proof. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

In other words, a Court must grant a defendant's motion for summary judgment, "where the record taken as a whole cannot lead a rational trier of fact to find for a non-moving party...." *Michigan Paytel Joint Venture v. City of Detroit*, 287 F. 3d 527, 534 (6th Cir. 2002); *Matsushita Elec. Ind. Co., Ltd. v. Zenith Radio Corp,* 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## IV.   ARGUMENT

### A.   <u>Defendants did not violate the Fair Debt Collection Practices Act.</u>

Plaintiff's first count of his complaint alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA").  He alleges that Defendants violated the FDCPA by continuing to communicate with him after receiving a cease and desist request, by failing to provide notice to him with five days after his initial contact with Plaintiff, and by acting in an otherwise deceptive, unfair, and unconscionable manner.  Defendants deny these allegations.

On March 6, 2012, Defendants sent Plaintiff an initial demand letter as required by the FDCPA 15 U.S.C. § 1692(g).  See Exhibit 1.  On or about March 13, 2012, Plaintiff mailed a letter to Defendant Shermeta, Adams & Von Allmen, P.C. that indicated in part, "I do NOT owe this debt and the statue [sic] of limitations has expired by 9 years."  See Exhibit 2, page 2.  The letter also states, "I DO NOT OWE THIS.", emphasis in original.  See Exhibit 2, page 3.  In addition, the letter requested that Defendants cease and desist all contact with the Plaintiff.  On March 23, 2012, Defendant Shermeta, Adams & Von Allmen, P.C. validated the debt, pursuant to Plaintiff's dispute.  See Exhibit 3.  Defendants have had no additional contact with Plaintiff, other than collection activities in the underlying case.

   1.  Violation of Cease and Desist Request

Plaintiff first alleges that Defendants violated the FDCPA by continuing to contact him upon receipt of his request for cease and desist.   The only correspondence sent to Plaintiff, other than any post-Judgment collections in the underlying case, was the March 23, 2012 letter.  See Exhibit 3.  There has been no communication from Defendant Palisades Acquisition XVI, LLC to Plaintiff.

Pursuant to the FDCPA, if a consumer notifies the debt collector that the debt, or any portion thereof, is disputed, then the debt collector shall cease collection of the debt, until the debt collector "obtains verification of the debt or any copy of a judgment . . .and a copy of such verification or judgment. . . is mailed to the consumer by the debt collector."  15 U.S.C. § 1692(g)(b).  There is no question that Plaintiff's letter, stating "I DO NOT OWE THIS" is a dispute of the debt.  See

Exhibit 2.   Accordingly, Defendant Shermeta, Adams & Von Allmen, P.C. was required to validate the debt.   Furthermore, Defendant Shermeta, Adams & Von Allmen, P.C. did send a validation letter, including a copy of the Judgment and the Order to Amend Case Caption.  See Exhibit 3.  Thus, there can be no violation of the FDCPA by sending a letter it was legally required to send.

Even if Defendants were required to validate, Plaintiff next argues that the inclusion of the sentence "If you wish to discuss a payment plan or a settlement of this matter, you may contact our Recovery Department at 1-800-451-7992" violates the cease and desist demand.  See Exhibit 3.  Defendants deny this allegation.

First, as previously discussed, Defendants maintain that they were legally required to send the validation letter to the Plaintiff as a result of Plaintiff's dispute.   15 U.S.C. § 1692(g)(b).   Thus, Defendants state that there can be no violation of the FDCPA by sending a legally required letter.

Second, the FDCPA states that if a consumer notifies a debt collector that the consumer wishes the debt collector to cease communication, then the debt collector may not communicate with the consumer.  15 U.S.C. § 1692(c)(c).  However, there are three exceptions to this rule.  Two of the exceptions state that the debt collector can notify the consumer if it may invoke specified remedies which are ordinarily invoked by the debt collector or it can notify the consumer that the debt collector intends to invoke a specified remedy.  15 U.S.C. § 1692(c)(c).  In the instant case, Defendant Shermeta, Adams & Von Allmen, P.C. regularly accepts payments and / or settlements on accounts.

In Lewis v. ACB Business Services, Inc., the Court reasoned that a settlement letter sent by ACB did not violate the FDCPA by making a settlement offer, because ACB normally invokes such a remedy. Lewis v. ACB Business Services, Inc., 135 F.3d 389 (6th Cir.), 1998. The Court stated, "We believe that Lewis's interpretation of § 1692c(c)(2), which would prohibit collectors from sending noncoercive settlement offers as a remedy, is "plainly at variance with the policy of the legislation as a whole."" Id. at 399. The Court noted that the letter sent by Defendant fell within the cease and desist remedies exception as stated in 15 U.S.C. § 1692c(c)(2). Id. at 398.

The Court further stated, "Our conclusion is bolstered by the fact that, since a debt collector legitimately can tell a debtor that it ordinarily sues or recommends suit as a remedy, it is certainly within the purpose of the Act to allow a debt collector to make a truthful statement that various payment plans are available." Id at 399, fn. 8. Accordingly, the Court held that the letter giving Plaintiff the opportunity to pay was not an impermissible demand for payment. Id. at 399. The Court upheld the lower Court's dismissal of Plaintiff's FDCPA claims.

The facts in this case are similar to the Lewis case. Here, Defendant Shermeta, Adams & Von Allmen, P.C.'s letter gives Plaintiff the option to contact Defendant to discuss settlement or payment. There was no demand for payment. Instead, the letter merely offers options normally invoked by the Defendants. Thus, there is no violation of the FDCPA.

The Sixth Circuit Court of Appeals has reached a similar conclusion in Grden v. Leikin Ingber & Winters, PC, 643 F.3d. 169 (6th Circ. 2011). In this case, Plaintiff called Defendant to verify the balance due on his account. In response, Defendant sent copies of the balance statements to Plaintiff that indicated a balance due. The Court reasoned that sending the balance statements was not a violation of the FDCPA. The Court stated,

> "Here, on one hand, the balance statements obviously came from a debt collector – indeed from on that had already sued Grden – and they stated a balance "due." On the other hand, the statements themselves did not demand payment or threaten any consequences if Grden did not pay. But for us the decisive point is that Leiken made the balance statements only after Grden called and asked for them. The statements were merely a ministerial response to a debtor inquiry, rather than part of a strategy to make payment more likely. .. Thus, under the circumstances present here, a reasonable jury could not find that an animating purpose of the statements was to induce payment by Grden. We therefore affirm the district court's grant of summary judgment as to those statements." Id. at 173.

In this case, Defendant's March 23, 2012 letter was sent in response to Defendant's dispute. As previously discussed, Defendants were required to send the validation letter pursuant to the FDCPA. In addition, as indicated in the Grden case, the statements sent to Plaintiff were in response to his request. Accordingly, the Court refused to find an FDCPA violation for responding to the request. In the same way, the letter sent here was sent as a validation of the debt, and was not sent to induce payment. The mere inclusion of a sentence indicating that Plaintiff may contact Defendant Shermeta, Adams & Von Allmen, P.C. does not amount to a violation of the FDCPA.

For these reasons, Defendants are entitled to a dismissal with prejudice of Plaintiff's claim that Defendants violated the FDCPA by contacting him after receiving the cease and desist notification. 15 U.S.C. § 1692(c)(c). First, there is no genuine issue of material fact that the letter was sent in response to Plaintiff's request and that the letter merely offered remedies that Defendant Shermeta, Adams & Von Allmen, P.C. normally invokes. Second, Plaintiff has provided no evidence of any contact by Defendant Palisades Acquisition XVI, LLC. Thus, this claim should be dismissed.

2. <u>Failing to Provide Notice within Five days of Initial Communication</u>

Plaintiff's second FDCPA claim alleges that Defendants failed to provide written notice to him within five days of Defendants' initial communication to Plaintiff. Defendants deny this allegation as untrue.

The FDCPA states, "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, sent the consumer a written notice containing. . ." 15 U.S.C. § 1692(g)(a). Here, Plaintiff states that Defendants violated this section of the FDCPA by not sending him the written notice within five days of receiving his March 13, 2012 letter. However, this is a misinterpretation of the statute.

Defendant Shermeta, Adams & Von Allmen, P.C. sent the initial demand letter to Plaintiff on March 6, 2012. This was the first communication with Plaintiff, and contained all requirements as stated in 15 U.S.C. § 1692(g). See

Exhibit 1. Thus, there is no requirement to resend the written notice upon receiving Plaintiff's dispute on March 13, 2012.

This Court has already determined that there is no requirement to send a second notice. In Daniel v. West Asset Management, Inc., 2011 U.S. Dist. LEXIS 124788 (US Dist, EDMI, 2011), the Court found that the letter sent by Defendants on November 16, 2009 was the initial communication with Plaintiff. Subsequent telephone calls with Plaintiff on November 27, 2009 did not require a new initial demand notice be sent. Id. at 18.

The Court reasoned,

"Plaintiff's assertion that she was entitled to written notice following her November 27, 2009 calls to Defendant is simply wrong. As used in the FDCPA, the word "communication" "means the conveying of information regarding a debt directly or indirectly to any person through any medium." *15 U.S.C. § 1692a(2)*. Defendant's November 16, 2009 letter was a communication as defined by the FDCPA, and the undisputed facts before the court show that the letter was the first communication Defendant had with Plaintiff. Therefore, because the required notices were contained within the initial communication sent to Plaintiff, Plaintiff was not entitled to additional written notice following her November 27, 2009 calls with the Defendant. Accordingly, Defendant is entitled to summary judgment on Plaintiff's *§ 1692g(a)* claim." Id. at 19.

For these reasons, Defendants are entitled to a dismissal with prejudice because Plaintiff has failed to state a claim upon which relief can be granted. In the alternative, Defendants are entitled to summary disposition because there is no genuine issue of material fact that Defendants are entitled to a dismissal with prejudice as a matter of law.

15

3. <u>Acting in an Otherwise Deceptive, Unfair and Unconscionable Manner</u>

Plaintiff's third FDCPA claim states that Defendants acted in an otherwise deceptive, unfair an unconscionable manner by failing to comply with the FDCPA. Defendants deny these allegations.

As just discussed, Defendants have not violated the FDCPA. First, Defendants were legally required to send the March 23, 2012 letter to Plaintiff in response to his dispute. Accordingly, there can be no violation of the FDCPA by sending a legally required letter. Second, the inclusion of the sentence allowing Plaintiff to contact Defendants if he wished to discuss settlement or payment, is not a violation of the FDCPA for the reasons previously discussed. Third, Plaintiff has provided no evidence of any other violations of the FDCPA. Defendants have honored Plaintiff's cease and desist request, and Plaintiff has provided no evidence of any violations.

The FDCPA states that a debt collector may not use unfair or unconscionable means to attempt to collect a debt. 15 U.S.C. § 1692(f). Here, Defendants only contact with Plaintiff after receiving his cease and desist notice is one letter sent as required by the FDCPA. See Exhibit 3. Plaintiff has cited no support for his allegation that this one letter violates the FDCPA.

In one case, the Court rejected the same argument at issue in this case. In <u>Ruthenberg v. The Bureaus, Inc.</u>, 2008 U.S. Dist. LEXIS 65633 (US Dist., EDMI 2008), the Court rejected the argument that a second letter sent by the Defendants violated the FDCPA. The Court stated,

"Plaintiff's Complaint only alleges one apparent violation -- that Defendant sent a second 801 notice one day after receiving his notice to cease and desist contacting him. Plaintiff has not set forth any facts or case law in his Complaint or brief which would support this Court finding any of Defendant's behavior "harassing," "deceptive" or "unfair." Further, the Court finds that the second 801 notice was a bona fide error which was not repeated and therefore, it is not the basis for any harassing or abusive conduct under *§§ 1692d, 1692e, 1692f.*" Id. at 16.

In the Ruthenberg case, Defendant sent a second letter to Plaintiff after receiving his cease and desist request. The Court indicated that this was a bona fide error, and dismissed Plaintiff's complaint. Here, there is only one letter sent, and the letter was sent as legally required under the FDCPA. Accordingly, Plaintiff has failed to provide any evidence that Defendants violated the FDCPA.

In addition, the Supreme Court has recently held that a Plaintiff must do more than cite a statute in order to defeat a Motion to Dismiss. In John Ashcroft v. Iqbal et al., 129 S. Ct. 1937 (2009), the Court stated,

"Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929* (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). *Rule 8* marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id., at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929*. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *490 F.3d at 157-158*. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it

17

has not "show[n]"--"that the pleader is entitled to relief." *Fed. Rule Civ. Proc. 8(a)(2)*.

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1949-1950.

Thus, the Court determined that merely citing a statute, without indicating any basis for relief, is insufficient to defeat a Motion to Dismiss.

This Court has recently reached a similar decision. In <u>Meyer and Meyer v. Citimortgage et al.</u>, 2012 U.S. Dist. LEXIS 19548 (US Dist., EDMI 2012) the Court granted Defendant's Motion to Dismiss. The Court reasoned,

"Furthermore, plaintiffs have not plead any facts illustrating what purported debt collection activities CMI undertook, or how these activities violated the FDCPA. Instead, plaintiffs merely recite elements from the statute, which is insufficient to state a claim. Iqbal, 129 S.Ct. at 1949." Id. at 24.

Similarly, Plaintiff in this case has provided no evidence of how Defendants violated the FDCPA. He has merely cited the FDCPA without any reference to specific facts showing Defendants have acted in an unfair or unconscionable manner. Plaintiff's claims should be dismissed.

Accordingly, pursuant to Fed.R.Civ.P. 12(b)(6), Plaintiff's complaint under the FDCPA should be dismissed for failure to state a claim upon which relief may be granted. As indicated, Plaintiff cannot provide any evidence that Defendants violated the FDCPA. Without this evidence, Plaintiff's claim fails as a matter of law.

In the alternative, pursuant to Fed.R.Civ.P. 56, there is no genuine issue of material fact that Defendants are entitled to summary judgment as a matter of law as to Plaintiff's FDCPA claims. The Exhibits attached hereto clearly demonstrate that Defendants acted in accordance with the FDCPA. Thus, there is no genuine issue of material fact and Defendants are entitled to summary judgment.

For these reasons, Defendants respectfully request that this honorable Court grant its Motion to Dismiss and/or Motion for Summary Judgment and dismiss the FDCPA allegations contained in Plaintiff's complaint.

**B.     Violation of the Michigan Occupational Code**

Plaintiff's final two counts allege violations of the Michigan Occupational Code. The allegations are the same as made in the FDCPA counts, to the extent they allege that Defendants failed to provide written notice within five days after Plaintiff's initial communication with Plaintiff and that Defendants acted in a deceptive, unfair and unconscionable manner. Defendants deny these allegations.

**1.   Defendants are not Subject to the Michigan Occupational Code**

Defendants are not subject to the Michigan Occupational Code ("MOC"). First, the MOC defines a collection agency as "a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another. . ." MCL § 339.901(b). In this case, Defendant Palisades Acquisition XVI, LLC owns the debt at issue in the underlying lawsuit. See Exhibit 3. Accordingly, there is no question that it is not a

collection agency under the MOC. Thus, any alleged violations of the MOC as to Defendant Palisades Acquisition XVI, LLC must be dismissed as a matter of law.

Second, the MOC states,

"Collection agency does not include a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency such as, but not limited to the following:
(xi) An attorney handling claims and collections on behalf of clients and in the attorney's own name." MCL § 339.901(b).

Here, Defendant Shermeta, Adams & Von Allmen, P.C. has clearly been retained to handle collection on behalf of Defendant Palisades Acquisition XVI, LLC. See the Order to Amend Case Caption and Enter Appearance attached to Exhibit 3. Accordingly, it is not a collection agency as defined by the MOC. Therefore, any alleged violations of the MOC as to Defendant Shermeta, Adams & Von Allmen, P.C. must be dismissed as a matter of law.

Accordingly, pursuant to Fed.R.Civ.P. 12(b)(6), Plaintiff's complaint under the MOC should be dismissed for failure to state a claim upon which relief may be granted. As indicated, Defendants are not subject to the MOC and Plaintiff's claim fails as a matter of law. For these reasons, Defendants respectfully request that this honorable Court grant its Motion to Dismiss the MOC allegations contained in Plaintiff's complaint.

2. <u>Even if the MOC applied, Defendants did not Violate the Act</u>

Plaintiff's MOC allegations contain the same arguments as previously addressed by Defendants in relation to the FDCPA. Accordingly, Defendants will only restate a few of the main points.

First, Plaintiff alleges that Defendants violated the MOC by failing to send written notice to Plaintiff within five days of his initial communication with Defendants. Again, this is a misinterpretation of the statute. Defendants are required to send a written disclosure to Plaintiff which includes Plaintiff's rights. However, Defendants sent this letter to Plaintiff on March 6, 2012. See Exhibit 1. Accordingly, there is no requirement under the FDCPA or MOC to send a second notice to Plaintiff upon receipt of Plaintiff's March 13, 2012 letter.

In addition, Defendants point out that Plaintiff has admitted receiving this letter, as indicated in the Summons and Complaint filed with this Court. Therefore, for the reasons stated here, and as previously discussed in relation to the FDCPA, Defendants have not violated the MOC by failing to send the letter. In fact, the letter sent was the initial communication with the Plaintiff. See Exhibit 1.

Second, Plaintiff alleges that Defendants violated the MOC by acting in a deceptive, unfair and unconscionable manner. Plaintiff provides no evidence to support these allegations. Instead, as previously discussed, Plaintiff contends that Defendant's validation letter, that Defendant Shermeta, Adams & Von Allmen, P.C. is required to send, violated the Act by including one sentence allowing Plaintiff to contact Defendant if it wished to discuss settlement or payment. Plaintiff has cited no evidence that this sentence is in any way deceptive unfair, or unconscionable.

In one case, this Court rejected Plaintiff's argument that Wells Fargo and Freddie Mac were collection agencies under the MOC. The Court further stated,

"However, even if the MOC applied to defendants' activities, plaintiffs fail to plead sufficient facts to plausibly demonstrate a violation of the MOC. The

plausibility standard requires, "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n]—that the pleader is entitled to relief. Id. at 1950." Baumgartner v. Wells Fargo, et. al., 2012 U.S. Dist. LEXIS 83254 (US Dist., EDMI 2012).

In that case the unsupported allegations raised by Plaintiff were dismissed by the Court.

Here, Plaintiff has also failed to establish any evidence of violations of the MOC. His unsupported allegations should be dismissed as a matter of law. In the alternative, there is no genuine issue of material fact that Defendants have not violated the MOC and the claims should be dismissed.

Accordingly, pursuant to Fed.R.Civ.P. 12(b)(6), Plaintiff's complaint under the MOC should be dismissed for failure to state a claim upon which relief may be granted. First, Defendants are not subject to the Act. Second, even if they were, Plaintiff cannot provide any evidence that Defendants violated the Act in any way. Without this evidence, Plaintiff's claim fails as a matter of law.

In the alternative, pursuant to Fed.R.Civ.P. 56, there is no genuine issue of material fact that Defendants are entitled to summary judgment as a matter of law as to Plaintiff's MOC claim. The Exhibits attached hereto clearly demonstrate that Defendants properly complied with the FDCPA and MOC requirements, and that the letter Defendant Shermeta, Adams & Von Allmen, P.C. did not violate the MOC. Thus, there is no genuine issue of material fact and Defendants are entitled to summary judgment.

For these reasons, Defendants respectfully request that this honorable Court grant its Motion to Dismiss and/or Motion for Summary Judgment and dismiss the MOC count contained in Plaintiff's complaint.

## V.    CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court grant their Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and/or their Motion for  Summary Judgment pursuant to Fed. R. Civ. P. 56.

SHERMETA, ADAMS & VON ALLMEN, P.C.

Dated: July 25, 2012           /s/Tricia N. McKinnon
                               Tricia N. McKinnon (P60448)
                               Attorney for Defendant
                               P.O. Box 5016
                               Rochester Hills, MI 48308
                               (248) 519-1700
                               tmckinnon@shermeta.com

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of Defendants' Motion to Dismiss and/or Motion for Summary Judgment, Brief in Support of Motion, Exhibits, and Certificate of Service were served on Plaintiff via mail at the address listed above and were filed with the United States District Court, Eastern District of Michigan via electronic filing on July 25, 2012. I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

/s/ *Tricia N. McKinnon*
Tricia N. McKinnon