UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL DUBY,

      Plaintiff

v

      Case No.: 2:12-cv-12775-PDB-DRG
      Hon. Paul D. Borman

SHERMETA, ADAMS, & VON ALLMEN, P.C.
And PALISADES ACQUISITION XVI, LLC,

      Defendants.
_____/

Celia Banks Washington (P54338)
Luxenburg & Levin, LLC
Attorneys for Plaintiff
P.O. Box 252681
West Bloomfield, MI 48322
(888) 493-0770, ext. 309
Fax (866) 551-7791
Celia@LuxenburgLevin.com

Tricia N. McKinnon (P60448)
Shermeta, Adams & Von Allmen, P.C.
Attorney for Defendants
P.O. Box 5016
Rochester, MI 48308
(248) 519-1700
Fax (248) 519-1701
tmckinnon@shermeta.com
_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

NOW COME Defendants, SHERMETA, ADAMS & VON ALLMEN, P.C. (hereafter SHERMETA) and PALISADES ACQUISITION XVI, LLC, (hereafter PALISADES) by and through its attorneys, TRICIA N. MCKINNON and SHERMETA, ADAMS & VON ALLMEN, P.C., and replies as follows to Plaintiff's Response to Defendants' Motion to Dismiss and/or for Summary Judgment.

1

I. **STATEMENT OF FACTS**

The facts of this case have been previously set forth in Defendants' Motion to Dismiss and/or for Summary Judgment. Defendants rely on these facts, plus the law and assertions contained in and exhibits attached to said Motion.

On or around September 10, 2012, Plaintiff filed a Response to Defendants' Motion to Dismiss and/or for Summary Judgment. In his Response, Plaintiff reasserts that Defendants' validation letter, dated on March 23, 2012, contains a "communication" that is violative of § 1692c(c) of the FDCPA as Plaintiff had issued a cease and desist request prior to Defendants' communication. Defendants' legal position, as stated in its Motion to Dismiss and/or for Summary Judgment, is that the language contained in the validation letter is an exempted communication, pursuant to § 1692c(c)(2) and (3) of the FDCPA. Defendants cite the binding Sixth Circuit decision of *Lewis v ACB Business Services, Inc.*, 135 F.3d 389 (6th Cir. 1998) in their Motion as support for their legal position, but Plaintiff argues that *Lewis, Supra*, is not analogous to this instant case. Instead, Plaintiff asserts that the United States District Court for the Western District of Michigan in *Montgomery v Shermeta, Adams & Von Allmen, P.C.*, 2012 U.S. Dist LEXIS 117519 (2012) has addressed Defendants' legal position as asserted in its Motion to Dismiss and/or for Summary Judgment. Plaintiff asserts that the *Montgomery* court determined that the language as contained in the letters, which was "identical" to the language contained in the instant letter, is violative of the FDCPA as a non-exempted communication issued to a debtor after the debt collector received debtor's cease and desist request. 15 U.S.C. § 1692c(c).

2

In his Response, Plaintiff also reasserts that Defendants violated § 1692g(a) of the FDCPA by failing to provide to Plaintiff written notice of the debt. In their Motion, Defendants provided evidence that SHERMETA issued sufficient notice of the instant debt to Plaintiff on March 6, 2012. Please see Defendants' Exhibit 1, attached to their Motion. However, Plaintiff asserts that he never received the March 6, 2012 letter, but only received the March 8, 2012 letter, which did not meet the qualifications of a notice letter as defined in § 1692g(a) of the FDCPA. Please see Exhibits 1 and 2 attached to Defendants' Motion to Dismiss and/or for Summary Judgment. Further, Plaintiff asserts that Defendants' March 8, 2012 letter, as attached to their Motion to Dismiss and/or for Summary Judgment, has not been properly authenticated, and should be stricken.

Finally, in his Response, Plaintiff reasserts that Defendants' actions are deceptive, unfair, and unconscionable, in violation of § 1692e and/or §1692f.

## II.   LEGAL ARGUMENTS

A.   <u>All claims against Defendant PALISADES must be dismissed as a matter of law pursuant to Fed. R. Civ. P. Rule 12(b)(6).</u>

In his Response, Plaintiff asserts that Defendants violated the Federal Fair Debt Collection Practices Act (15 USC §§ 1692, et seq.) Defendants aver that the Fair Debt Collection Practices Act (FDCPA) does not apply to Defendant PALISADES as PALISADES is the original creditor attempting to collect its own debt. 15 USC § 1692a; *MacDermid v Discover Financial Services*, 488 F3d 721, 734 (CA 6, 2007). Because Plaintiff maintains no further allegations against Defendant PALISADES other than violations of the FDCPA, Defendants aver that the claims as asserted against Defendant PALISADES must be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6).

3

B.  **Defendants' communication contained in SHERMETA's March 23, 2012 validation letter to Plaintiff remains exempt pursuant to § 1692c(c)(2) and (3) of the FDCPA.**

Both Plaintiff and Defendants agree that § 1692c(c) of the FDCPA generally prohibits all communication to a debtor after that debtor has issued a cease and desist request to the debt collector. Plaintiff and Defendants also agree that Plaintiff issued a cease and desist request to Defendant SHERMETA on or around March 13, 2012. Please see Exhibit 2 of Defendants' Motion to Dismiss and/or for Summary Judgment. However, Defendants argue that the communication as stated in its March 23, 2012 validation letter was merely a conveyance to Plaintiff of Defendants' invocation of a specified remedy of a type normally invoked by Defendants, and as such, may be communicated to Plaintiff despite the cease and desist request, pursuant to § 1692c(c)(2) and (3) of the FDCPA. However, Plaintiff asserts that *Montgomery v Shermeta, Adams & Von Allmen, P.C.*, 2012 U.S. Dist. LEXIS 117519 has determined that the language used by Defendant SHERMETA in this instant matter is violative of the FDCPA as a non-exempted communication issued to a debtor after the debt collector has received a debtor's cease and desist request. 15 U.S.C. § 1692c(c).

Defendants admit that the language in the letters which are the subject of *Montgomery, Supra*, is similar to the language contained in the validation letter that is the subject of this instant suit. However, Defendants deny that the *Montgomery* Court determined that the language was violative of the FDCPA. The *Montgomery* Court merely issued an order denying in part defendant law firm's motion for summary judgment in that action, determining that based on the record in front of that court,

4

defendant law firm was not entitled to summary judgment. However, Defendants assert that this Court is not bound by the *Montgomery* Court's decision to deny summary judgment for a separate matter and should only determine whether dismissal and/or summary judgment is appropriate for the instant matter based on the evidence presented and other materials in the instant record. Fed. R. Civ. P. Rule 56(c)(3).

Defendants also deny that the circumstances of the *Montgomery* case are similar to the circumstances of the instant case. In *Montgomery, Supra*, the defendant law firm sent more than one correspondence to the plaintiff debtor stating that plaintiff debtor may contact defendant law firm in order to settle the debt or make payments after plaintiff debtor had sent more than one request for defendant law firm to cease and desist further communications. The language in dispute in this instant matter was contained in a validation letter, which Plaintiff admits is an otherwise valid communication to the Plaintiff. Further, Defendants aver that no further correspondence was sent to Plaintiff after the validation letter was issued; there was no "endless stream" of communication to Plaintiff, but one last measure to alert Plaintiff that entering into a settlement or payment plan with Defendants was a remedy available to Plaintiff. Defendants aver that the language contained in the instant validation letter, although not a specific statement of a right to invoke a remedy, was sufficient to infer that Defendants normally discussed settlement or payment plans with debtors and that if Plaintiff so chose, he could also enter into a settlement or payment plan with Defendants. As a result, Defendants maintain that the instant matter is more similar to the disputed communications in *Lewis, Supra* than in *Montgomery, Supra*. Defendants reassert that the language contained in its validation letter to Plaintiff is a clear example an exempt

communication pursuant to § 1692c(c)(2) and (c)(3) of the FDCPA. Therefore, Defendants reassert that dismissal and/or summary judgment is proper in this matter pursuant to Fed. R. Civ. P. Rules 12(b)(6) and 56, respectively.

C. <u>Defendants did not fail to send notice to Plaintiff regarding this debt.</u>

In his Response, Plaintiff reasserts that he did not receive notice regarding the debt within five days of the initial communication, pursuant to § 1692g(a). Defendants rely on the arguments contained in their Motion to Dismiss and/or for Summary Judgment and again aver that the letter dated March 6, 2012, which was the initial communication between the debt collector (SHERMETA) and the debtor (Plaintiff), was sent to the Plaintiff. See Defendants' Exhibit 1, attached to the Motion to Dismiss and/or for Summary Judgment. The FDCPA only requires that a debt collector send the notice; there is no requirement that the consumer receive said notice. 15 USC 1692g(a); *Mahon v Credit Bureau Inc.*, 171 F.3d 1197, 1201 (1999). Further, the letter clearly contains the following requirements as stated by §1692g(a):

(1)   the amount of the debt;

(2)   the name of the creditor to whom the debt is owed;

(3)   a statement that unless the consumer, within thirty days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)   a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

6

Therefore, Plaintiff's claim that he failed to receive notice from Defendants pursuant to § 1692g(a) of the FDCPA is not a claim upon which relief may be granted, and dismissal is proper pursuant to Fed. R. Civ. P. Rule 12(b)(6).

Further, Defendants' Exhibit 1, attached to the Motion to Dismiss and/or for Summary Judgment, clearly shows that there is no genuine issue of material fact that Defendants sent notice to Plaintiff and that the notice was proper pursuant to § 1692g(a) of the FDCPA. Therefore, summary judgment is proper pursuant to Fed. R. Civ. P. Rule 56.

In addition, the plain meaning of § 1692g(a) of the FDCPA merely requires that the notice be sent to the debtor. There is no requirement that the debtor actually receive the letter. In fact, this Court rejected that argument in a recent case, Claxton v. Weltman, Weinberg & Reis, 2011 U.S. Dist. LEXIS 16016 (2011). The facts in that case are almost identical to the facts in this case. The debtor claimed that he did not receive the legal letter, so therefore he alleged that the Defendants violated the FDCPA. The Court rejected that argument.

> "Defendant is entitled to summary judgment on Plaintiff's claims that arise under *Section 1692g(a)* of the FDCPA. Plaintiff contends that Defendant violated *15 U.S.C § 1692g(a)* because he did not actually receive Defendant's initial letter dated March 13, 2009. (Doc. 5 at 7,¶4). Therefore, he was unaware that the thirty-day period in which to dispute the debt had started under the Act. See, *15 U.S.C § 1692g(a)(3)- (5)*. Plaintiff misinterprets Defendant's obligations under the statute.
>
> The plain language of *section 1692g(a)* does not require Defendant to prove Plaintiff actually received the letter, rather, the statute states that "a debt collector shall ... *send* the consumer a written notice containing" certain information, including amount due and creditor name. Id. *§ 1692g(a)* (emphasis added). Courts in the Sixth Circuit [*6] have construed this language not to require proof of actual receipt. See, *Campbell v. Credit Bureau Systems, Inc., 655 F.Supp.2d 732, 740 (E.D. Ky. 2009)* (citing *Mahon v. Credit Bureau, 171 F.3d 1197, 1201 (9th Cir.1999))*; *Zamos II v. Asset Acceptance, LLC, 423 F.Supp.2d 777, 785 (N.D. Ohio 2006)*. The Court concurs with those decisions and finds that there is no question of material fact that Defendant sent a written notice in full compliance with the statutory requirements.

7

> There is no evidence to show that the March 13, 2009 letter was returned as undeliverable, which could suggest that Defendant did not have Plaintiff's correct address and form the basis of a cognizable *Section 1692(g)* claim. See, *Johnson v. Midland Credit Mgmnt. Inc.*, 2006 U.S. Dist. LEXIS 60133, 2006 WL 2473004 at *11-12 (N.D.Ohio Aug. 24, 2006) (quoting Mahon and making explicit the requirement that the initial communication not have been returned to the debt collector by the postal service as "undeliverable"). Also, the record is clear that Defendant did not undertake any debt collection actions during the thirty-day waiting period afforded to Plaintiff under the Act. Accordingly, Defendant is entitled to summary judgment for Plaintiff's [*7] claims arising under *Sections 1692(g)*." Id. at 5-7.

In this case, Defendants have shown that the initial demand letter was sent to the Plaintiff in March of 2012. See Exhibit 1 to Defendants' Motion to Dismiss. Accordingly, Defendants have complied with § 1692g(a) of the FDCPA.

Although Defendants assert that they have provided ample evidence showing that they are not in violation of § 1692g(a) of the FDCPA, Plaintiff asserts that the letter attached to Defendants' Motion as Exhibit 1 should be stricken as it has not been authenticated. In response to Plaintiff's objection to Defendants' Exhibit 1, please see the Affidavit attached to this Reply as Exhibit 4. Defendants aver that the attached Affidavit properly authenticates Defendants' Exhibit 1, that Exhibit 1 may be considered by this Court for the purpose of dismissal and/or summary judgment, and that dismissal and/or summary judgment of this matter is appropriate pursuant to Fed. R. Civ. P. Rules 12(b)(6) and 56, respectively.

### D. Plaintiff has failed to show how Defendants' communication with Plaintiff was deceptive, unfair, or unconscionable pursuant to the FDCPA.

In his Response, Plaintiff asserts that Defendants' purportedly violative actions, as stated above, are also deceptive, unfair, or unconscionable pursuant to §§ 1692e and/or 1692f of the FDCPA. In response, Defendants aver that, as stated above, they

are not in violation of §§ 1692c(c) or 1692g(a) of the FDCPA and, therefore, are not in violation of §§ 1692e or 1692f of the FDCPA. *Jang v A.M. Miller & Associates*, 122 F.3d 480 (7th Cir. 1997). However, even if Defendants were found in violation of §§ 1692c(c) and/or 1692g(a) of the FDCPA, it does not necessarily mean that they are also in violation of either §§ 1692e or 1692f of the FDCPA, as a consumer must specifically identify how the conduct was false, deceptive, misleading, unfair, or unconscionable. *Taylor v Heath W. Williams, L.L.C.*, 510 F. Supp. 2d 1206 (ND GA 2007). Defendants aver that Plaintiff, neither in his Complaint nor in his Response, specifically states how the alleged failure to notify Plaintiff of the instant debt or the allegedly prohibited communication contained in the otherwise valid verification letter violate either §§ 1692e or 1692f of the FDCPA. Defendants aver that the alleged violations were neither false, deceptive, nor misleading pursuant to § 1692e of the FDCPA; nor unfair and unconscionable pursuant to § 1692f of the FDCPA. In addition, the *Montgomery* court agrees that the language that is the subject of that matter, which Plaintiff asserts is similar to the language contained Defendants' March 23, 2012 validation letter, was found not to be an "'abusive' communication; it is not threatening, it is not deceiving…" Therefore, Defendants respectfully maintain that dismissal and/or summary judgment of this action is proper pursuant to Fed. R. Civ. P. Rules 12(b)(6) and 56, respectively.

### III. CONCLUSION

WHEREFORE, for the reasons stated above, Defendants reassert that dismissal and/or summary judgment of this action is proper pursuant to Fed. R. Civ. P. Rules 12(b)(6) and 56, respectively.

**SHERMETA, ADAMS & VON ALLMEN, P.C.**

Dated: October 1, 2012

/s/Tricia N. McKinnon
Tricia N. McKinnon (P60448)
Attorney for Defendants
P.O. Box 5016
Rochester, MI 48308
(248) 519-1700
tmckinnon@shermeta.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss and/or Motion for Summary Judgment, Exhibits, and Certificate of Service were served on Plaintiff via mail at the address listed above and were filed with the United States District Court, Eastern District of Michigan via electronic filing on **October 1, 2012**. I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

/s/ Tricia N. McKinnon
Tricia N. McKinnon