UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DUBY,

       Plaintiff,

v.

       Case No. 12-12775

       Paul D. Borman
       United States District Judge

SHERMETA, ADAMS & VON ALLMEN,
P.C., and PALISADES ACQUISITION
XVI, LLC,

       Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT (Dkt. No. 9)**

This case arises out of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Michigan Occupational Code ("MOC"), Mich. Comp. Laws §§ 339.901, *et seq*. Michael Duby ("Plaintiff") alleges that Shermeta, Adams, & Von Allmen, P.C. ("Law Firm"), and Palisades Acquisition XVI, LLC ("Palisades") (collectively, "Defendants") violated certain requirements under the FDCPA and MOC when they attempted to collect a debt allegedly owed by Plaintiff.

Plaintiff filed the Complaint in this matter on June 25, 2012. (Dkt. No. 1.) On July 25, 2012, Defendants filed the instant Motion to Dismiss and/or Motion for Summary Judgment. (Dkt. No. 9.) Plaintiff filed a Response on September 10, 2012. (Dkt. No. 13.) In his Response, Plaintiff concurs in the dismissal of his claims arising under the MOC, but contests Defendants' motion as to the claims arising under the FDCPA. Defendants filed a Reply on October 1, 2012. (Dkt. No.

1

14.) Plaintiff also filed a Motion for Leave to File a Supplemental Response on November 8, 2012 (Dkt. No. 15), which the Court denied in an Order issued the same day. (Dkt. No. 16.) The Court held a hearing on November 16, 2012.

For the reasons stated below, the Court will GRANT Defendants' Motion and DISMISS the action.

## I. BACKGROUND

The undisputed facts in this case are as follows.

On June 14, 2004, non-party Great Seneca Financial Corporation acquired a $8,357.06 default judgment against Plaintiff Duby in Michigan state court. (Defs.' Mot., Ex. 3, Order of Judgment.) Defendant Palisades acquired the judgment and retained Defendant Law Firm to pursue collection. In an order dated March 5, 2012, a Michigan state court amended the state-court case caption to reflect Palisades Acquisition XVI, LLC as the state-court plaintiff and Shermeta, Adams & Von Allmen, P.C. as the attorney of record. (Defs.' Mot., Ex. 3, Order to Amend Case Caption.)

On March 6, 2012, Defendant Law Firm sent Plaintiff a demand letter. (Def.'s Mot., Ex. 1, March 6, 2012 Letter.) Plaintiff contends in his Response brief that he did not receive the March 6, 2012 Letter, but admits that he received a letter from Defendants dated March 8, 2012. (Pl.'s Resp. at 1.) However, the Complaint does not allege that Plaintiff never received the March 6, 2012 letter, or that the first correspondence he received was dated March 8, 2012. Rather, the Complaint only alleges that Defendant Law Firm began contacting Plaintiff on March 6, 2012. (Compl. ¶ 9.) Based on the allegations in the Complaint, Plaintiff thus concedes that Defendants first attempted to communicate with him about the debt on March 6, 2012.

Plaintiff responded to the March 8, 2012 letter on March 13, 2012, with a letter demanding

that Defendant Law Firm cease and desist all collection attempts. (Defs.' Mot., Ex. 2, March 13, 2012 Letter.) Plaintiff claimed in his letter that the statute of limitations had expired on the alleged debt, stating, "I have enclosed a collection attempt from 2003 from a collections company called Wolpoff & Abramson, L.L.P. which I sent a cease and desist to along with 4 others. I do NOT owe this debt . . . ." (March 13, 2012 Letter.)

On March 23, 2012, Defendant Law Firm mailed Plaintiff a letter validating the debt, including a copy of the underlying judgment and Order to Amend Case Caption. (Defs.' Mot., Ex. 3, Validation Letter.) The Validation Letter also stated "If you wish to discuss a payment plan or settlement of this matter, you may contact our Recovery Department at 1-800-451-7992." (*Id*.)

Defendants have collected on the debt through garnishments, but have otherwise had no further contact with Plaintiff since the March 23, 2012 letter.

On June 26, 2012, Plaintiff brought the instant lawsuit alleging violations of the FDCPA and MOC.

## II. LEGAL STANDARD

Defendants bring the instant motion pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56(c).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must view "all well-pleaded material allegations of the pleadings of the opposing party . . . as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citation omitted).

To survive a motion for summary judgment brought under Federal Rule of Civil Procedure 56, Plaintiff must establish that there is a genuine issue of material fact that must be decided by a

jury. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The Court construes all reasonable inferences in favor of the non-moving party. *Id.* at 587. However, Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. The dispute over a material fact must be "'genuine,' that is, if the evidence is such that a reasonable juror could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III.  ANALYSIS

As noted *supra*, Plaintiff has concurred in the dismissal of the claims arising under the MOC. (Pl.'s Resp. at 9.)  Accordingly, Defendants' motion will be GRANTED as to Plaintiff's MOC claims.

**A.  FDCPA Claims**

At the outset, the Court notes that Plaintiff need not allege any harm caused by Defendants' alleged violations of the FDCPA.  "Courts have characterized the FDCPA as a strict liability statute, meaning that a consumer may recovery statutory damages if the debt collector violates the FDCPA even if the consumer suffered no actual damages." *Federal Home Loan Mort. Corp. v. Lamar*, 503 F.3d 504, 513 (6th Cir. 2007). The FDCPA imposes broad liability on debt collectors, and expressly provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . . ." 15 U.S.C. § 1692k(a); *see also Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008) (noting that "the FDCPA is extraordinarily broad, crafted in response to what Congress perceived to be a widespread problem." (citation omitted)).

Plaintiff claims that Defendants violated the FDCPA by (1) continuing to communicate with Plaintiff after he requested in writing for communications to cease, (2) failing to send Plaintiff the

4

notice required under 15 U.S.C. § 1692g, and (3) acting in a deceptive, unfair, and unconscionable manner. (Compl. ¶ 14.)

*1. The Defendant Law Firm's March 23, 2012 Letter Did Not Violate § 1692c(c).*

Under the FDCPA, if a consumer notifies a debt collector that the debt is disputed, the debt collector cannot pursue the debt any further until it provides the consumer with verification.

> If the consumer notifies the debt collector in writing . . . that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. . . .

15 U.S.C. § 1692g(b). As an additional protection for consumers, the FDCPA bars debt collectors from communicating with a consumer if the consumer informs the debt collector in writing that the consumer does not wish to receive any further communication about a particular debt. *See* 15 U.S.C. § 1692c(c) (providing that, "[i]f a consumer notifies a debt collector in writing that the consumer . . . wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt . . . ."). Any additional communication is a violation of the FDCPA, unless it comes within the three noted exceptions under § 1692c(c)(1)-(3).

Defendant claims that the March 23, 2012 letter, which was sent to Plaintiff after Defendants received Plaintiff's March 13, 2012 letter claiming the debt was not valid and requesting Defendants to cease communication, was permitted under the FDCPA pursuant to § 1692g(b). Defendants argue that Plaintiff's March 13, 2012 letter should be construed as Plaintiff's notification that the debt is

5

disputed. Defendants claim that they were therefore entitled to send a letter verifying the debt, with a copy of the default judgment and Order to Amend Case Caption, so that they could pursue further collection action on the debt.

Plaintiff does not dispute that the Defendant Law Firm was entitled to send verification of the debt, and thus concedes the validity of the March 23, 2012 letter. Plaintiff also does not allege that he received any additional communication from Defendants after the March 23, 2012 letter. Plaintiff does, however, object to one sentence at the end of the March 23, 2012 letter, which stated that Plaintiff may contact Defendants' "Recovery Department" if he wished "to discuss a payment plan or settlement of this matter." Plaintiff asserts that, although the letter itself was a permissible communication under the FDCPA, this one sentence violates Plaintiff's cease-communication request under § 1692c(c).

In response, Defendants claim that the sentence is within the exceptions set forth under 15 U.S.C. § 1692c(c). These exceptions state that, after a consumer has requested that a debt collector cease communications with the consumer, the debt collector may communicate further with the consumer:

> (1) to advise the consumer that the debt collector's further efforts are being terminated;
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

15 U.S.C. § 1692c(c)(1)-(3).

Defendants argue that the sentence in the March 23, 2012 letter is within the § 1692c(c)(2) and (3) exceptions, because it informs Plaintiff that Defendant Law Firm accepts settlements on

accounts. Defendants claim that the sentence should be construed as a remedy "ordinarily invoked by [the] debt collector[.]"

Defendants rely on *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389 (6th Cir. 1998). In that case, a debt collector, after receiving a cease-communication letter from a consumer, sent a letter to the consumer with the following language:

> IN ORDER TO PROVIDE YOU WITH AN OPPORTUNITY TO PAY THIS DEBT, PLEASE SELECT ONE OF THE FOLLOWING PAYMENT ARRANGEMENTS AND ENCLOSE A PAYMENT OR PROVIDE ME WITH A NUMBER WHERE I CAN CONTACT YOU TO DISCUSS TERMS.
>
> . . . .
>
> IF YOU HAVE ANY QUESTIONS REGARDING THE PAYMENT PLANS, GIVE ME A CALL OR PROVIDE ME WITH A NUMBER WHERE I CAN CONTACT YOU.

*Id*. at 396.

In holding that this language did not violate § 1692c(c)(2) of the FDCPA, the United States Court of Appeals for the Sixth Circuit reasoned as follows:

> To hold that a debt collector cannot offer payment options as part of an effort to resolve an outstanding debt, possibly without litigation, would force honest debt collectors seeking a peaceful resolution of the debt to file suit in order to advance efforts to resolve the debt – something that is clearly at odds with the language and purpose of the FDCPA. . . . Allowing debt collectors to send such a letter is not only consistent with the Act but also may result in resolution of the debt without resorting to litigation, saving all parties involved the needless cost and delay of litigation as is exemplified in this very case. And it is certainly less coercive and more protective of the interests of the debtor.

*Id*. at 399.

Plaintiff argues that the Court should apply the reasoning in *Montgomery v. Shermeta, Adams*

7

*& Von Allmen, P.C.*, --- F. Supp. 2d ---, 2012 WL 3518534 (W.D. Mich. Aug. 8, 2012) (Maloney, C.J.), which distinguished the *Lewis* case. In *Montgomery*, which involved the same defendant law firm as the instant matter, the plaintiff sent the defendant law firm a fax in April 2009 requesting validation of a debt owed to Capital One Bank, and that the defendant cease and desist contact with the plaintiff about the debt. *Id.* at *1. On May 21, 2009, the defendant law firm mailed a debt validation letter to the plaintiff. *Id.* at *2. Like the letter at issue in the instant case, the May 21, 2009 debt validation letter in *Montgomery* included the language: "If you wish to discuss payment arrangements or a settlement of this matter, you may contact our Recovery Department toll-free number at 1-800-451-7992." *Montgomery*, No. 11-cv-00183, Defs.' Mot. Summ. J., Ex. C, ECF No. 25 (filed Dec. 29, 2011).

The defendant sent additional letters to the plaintiff seeking to collect the debt on September 13, 2009, and December 14, 2010. *Montgomery*, 2012 WL 3518534, at *2. The plaintiff filed an action in the Western District of Michigan against the defendant on February 21, 2011. *Id.* at *3. Then, "on May 18, 2011, the Law Firm sent another letter to Montgomery regarding the Capital One account." *Id.*

On summary judgment, the defendant conceded "that it sent the May 2011 Letter to Montgomery after it received several cease-communications letters." *Id.* at *5. In finding that the defendant was not entitled to summary judgment, the *Montgomery* court found that "[t]he Law Firm has not established on this record that the May 2011 Letter falls within the (c)(2) exception." *Id.* at *6. The *Montgomery* court also distinguished *Lewis*, finding that the language contained in the defendant law firm's May 2011 letter did not fit within the § 1692c(c)(2) exception:

> Unlike the letter in *Lewis*, no payment options are provided. In other words, there are no "specified remedies" identified in the letter.

8

> Instead, Montgomery is invited to call the Law Firm to discuss those options. Of course the Law Firm would like Montgomery to call it, because Montgomery has already asked the Law Firm not to communicate with him. Further, this letter contains no notification that the Law Firm may invoke specified remedies.

*Id.*

The Court finds *Montgomery* distinguishable from the instant case. The March 23, 2012 letter at issue in the instant matter is not comparable to the May 2011 letter that provided the basis for the *Montgomery* court's decision. Specifically, the March 23, 2012 letter was not sent after Plaintiff had sent Defendant several cease-communication letters. Rather, the March 23, 2012 letter was sent in response to Plaintiff's March 13, 2012 letter disputing the validity of the debt. In fact, the March 23, 2012 letter was required before Defendant Law Firm could take any further collection attempts, as stated in 15 U.S.C. § 1692g(b), quoted *supra* at 5. The March 23, 2012 letter is better compared to the May 21, 2009 debt validation letter in *Montgomery*, which the *Montgomery* court did not rely upon in denying summary judgment.

In summary, Defendant Law Firm was explicitly authorized to send the March 23, 2012 letter under 15 U.S.C. § 1692g(b), after receiving Plaintiff's March 13, 2012 letter disputing the validity of the debt. Defendant Law Firm did not send any further communications to Plaintiff after validating the debt, in accordance with Plaintiff's request to cease communications and 15 U.S.C. § 1692c(c). Plaintiff has not presented any evidence of communications sent by Defendant that could violate § 1692c(c). Based on this record, the Court finds that Defendants are entitled to summary judgment on Plaintiff's claims arising under § 1692c.

*2. Defendants Gave Sufficient Notice under § 1692g.*

Section 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(1)-(5).

Plaintiff alleges that Defendants failed to comply with this section by failing to provide the specified notice within five days of Plaintiff's March 13, 2012 letter.

Defendants argue that all of the required information was contained in Defendants' initial communication with Plaintiff on March 6, 2012. The March 6, 2012 letter does satisfy all of § 1692g(a)'s requirements. It states the amount of the debt and that it is owed to Palisades Acquisition XVI, LLC, and states:

> We will assume that the above referenced debt is valid, unless you dispute the validity of this debt, or any portion thereof, within thirty

> days after your receipt of this letter. If you notify us in writing, within thirty days after your receipt of this letter, that you dispute this debt, or any portion thereof, we will obtain verification of this debt or a copy of the judgment against you and mail a copy of this verification or a copy of the judgment to you. Also, upon written request within thirty days after your receipt of this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

(Defs.' Mot., Ex. 1, March 6, 2012 Letter.)

Plaintiff does not dispute that the March 6, 2012 letter meets the requirements of § 1692g(a). Instead, Plaintiff argues that he never received Defendants' initial communication. Plaintiff claims that the first letter he received from Defendant Law Firm was the March 8, 2012 letter, which does not contain all of the information required under § 1692g(a).

Plaintiff's argument is undermined, however, by his own Complaint, which alleges:

> On or about March 6, 2012, representatives and employees of Shermeta, acting in their capacity as the attorney and/or authorized agent of Palisades, began contacting Plaintiff regarding collection of an alleged debt which is allegedly owed by Plaintiff to Palisades.

(Compl. ¶ 9.)

Plaintiff does not allege anywhere in the Complaint that the first communication he received from Defendants was the March 8, 2012 letter. Indeed, Plaintiff admits that the initial communication from Defendants was the March 6, 2012 letter. The Court thus finds Plaintiff's argument unpersuasive.

Furthermore, courts have found that actual receipt of a letter providing notice under § 1692g(a) is not required; all the statute requires is sending of the letter. *See Claxton v. Weltman, Weinberg & Reis Co., L.P.A.*, No. 09-13157, 2011 WL 672214 (E.D. Mich. Feb. 17, 2011) (finding that "[t]he plain language of section 1692g(a) does not require Defendant to prove Plaintiff actually

11

received the letter . . . ."); *Zamos v. Asset Acceptance, LLC*, 423 F. Supp. 2d 777, 785 (N.D. Ohio 2006) (holding "the fact that Plaintiff did not receive the notice does not support a violation of 15 U.S.C. § 1692g(a)."); *see also Mahon v. Credit Bureau of Placer County Inc.* 171 F.3d 1197, 1201 (9th Cir. 1999) (holding that "[t]he plain language of section 1692g(a) does not require that a Validation of Debt Notice must be received by a debtor. Instead, the plain language states that such a Notice need only be sent to a debtor.").

Plaintiff argues that the March 6, 2012 letter should be stricken because it is not authenticated. *See* Fed. R. Civ. P. 56(c)(2) (providing that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). But Defendants have attached to their Reply the Affidavit of Carrie Wright, who provides sufficient authentication for admission of the March 6, 2012 letter at trial. (Defs.' Reply, Ex. 5, Wright Aff. ¶¶ 5-10.) The Court will therefore consider the March 6, 2012 letter in connection with Defendants' motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(4) (requiring affidavits used to support a motion for summary judgment to "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

Defendants are thus entitled to summary judgment on Plaintiff's claims arising under 15 U.S.C. § 1692g(a) of the FDCPA.

*3. The Defendant Law Firm Did Not Act in a Deceptive, Unfair, and Unconscionable Manner.*

The FDCPA prohibits debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The Act further prohibits "us[ing] unfair or unconscionable means to collect or attempt to collect any debt."

15 U.S.C. § 1692f.

Defendants argue that Plaintiff has failed to allege any facts showing unfair or unconscionable acts by Defendants, and that Plaintiff cannot produce any evidence establishing that Defendants acted unfairly or unconscionably. Plaintiff claims that Defendants' alleged failure to comply with §§ 1692c(c) and 1692g(a), discussed *supra*, constitute deceptive, unfair, and unconscionable collections efforts.

The March 23, 2011 letter is not actionable under § 1692e because it was not "in connection with the collection of a debt," but was instead simply a ministerial act meant to verify the debt, in response to Plaintiff's letter disputing the debt, as required under § 1692g. *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011) (holding "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor."). Furthermore, Plaintiff has not alleged that Defendants sent him multiple, harassing communications. Plaintiff only alleges that one portion of a single communication he received after sending Defendants a cease-communication request violated the FDCPA. Plaintiff does not allege that any statement in the March 23, 2012 letter is false or deceptive, nor has Plaintiff alleged any facts showing that any communications from Defendants were threatening or otherwise illegal. Accordingly, the Court will dismiss Plaintiff's FDCPA claims under §§ 1692e and 1692f. *See Ruthenberg v. Bureaus, Inc.*, No. 07-CV-15010, 2008 WL 3979507 (E.D. Mich. Aug. 25, 2008) (dismissing claims under §§ 1692e and 1692f where "Plaintiff's complaint only alleges one apparent violation . . . [and] Plaintiff has not set forth any facts or case law in his Complaint or brief which would support this Court finding any of Defendant's behavior 'harassing,' 'deceptive' or 'unfair.'").

### IV.  CONCLUSION

For the reasons stated above, the Court will:

1. **GRANT** Defendants' Motion to Dismiss and/or for Summary Judgment, and

2. **DISMISS** the action **WITH PREJUDICE**.

**SO ORDERED.**

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 26, 2012

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 26, 2012.

S/Denise Goodine
Case Manager